UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALLYSON RAYANN MCCUE,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO.: 1:24-CV-434-JEM<br>) |
| FRANK BISIGNANO, Commissioner<br>of the Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Allyson RanAnn McCue on October 16, 2024, and a Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration [DE 21] filed on April 17, 2025. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On June 11, 2025, the Commissioner filed a response, and Plaintiff filed a reply on June 25, 2025. For the following reasons, the Court remands the Commissioner's decision.

**I.      Background**

On February 15, 2022, Plaintiff filed applications for disability insurance benefits and for supplemental security income alleging that she became disabled on June 15, 2019. Her applications were denied initially and upon reconsideration. On September 13, 2023, and on January 11, 2024, Administrative Law Judge ("ALJ") Stephanie Katich held telephone hearings. At the first hearing, Plaintiff (with an attorney) and a vocational expert ("VE") testified. At the second hearing, Plaintiff (again with an attorney), a witness, and another VE testified. On January 31, 2024, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled from the alleged onset date to the date of the decision.

The ALJ made the following findings under the required five-step analysis:

1

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.

2. The claimant has not engaged in substantial gainful activity since June 15, 2019, the alleged onset date.

3. The claimant has the following severe impairments: degenerative changes of the lumbar spine, chronic lumbar radiculopathies, and sacroiliac joint dysfunction; bilateral carpal tunnel syndrome; chronic pain syndrome; bipolar I disorder; major depressive disorder; generalized anxiety disorder; attention-deficit hyperactivity disorder or attention-deficit disorder; and post-traumatic stress disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can occasionally climb ramps and stairs; she can never climb ladders, ropes, scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl; she can frequently handle, finger, and feel with the bilateral upper extremities; and she should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, humidity, extreme heat and extreme cold. In addition, the claimant can understand, remember and carry out simple instructions and tasks, she can make judgments related to simple work related decisions; she can respond appropriately to occasional interactions with coworkers and supervisors; she should avoid work activity requiring interactions with the general public; she can respond appropriately to

        usual work situations; and she can deal with routine changes in a routine work setting free from fast paced production requirements (such as assembly line type work activity), and with no more than occasional changes in terms of work setting, tools and processes.

6. The claimant has no past relevant work.

7. The claimant was born in 1997 and was 21 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education.

9. Transferability of job skills is not an issue because the claimant does not have past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2019, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

        The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 11]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.    Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

**III.    Analysis**

Plaintiff argues, among other matters, that the ALJ committed reversible error in finding the consulting psychologist's opinion not fully persuasive. The Court agrees with Plaintiff that the ALJ's errors in evaluating the psychologist's opinion require remand of this matter to the agency for further proceedings.

Dr. Dan L. Boen, a licensed psychologist, performed a consultative examination and gave the following opinion:

> Allyson would not have trouble understanding what Allyson was asked to do on a job. Allyson would have trouble remembering what Allyson was asked to do on a job. Allyson would have difficulty being able to concentrate on the job. Allyson would have difficulty being able to stay on task. Allyson would have difficulty being able to get along with coworkers. Allyson would not have difficulty being able to get along with a boss depending on what mood state she was in.

AR 1622. Regulations require the ALJ to analyze a number of factors when determining the weight to give to this opinion and to thoroughly explain the weight given the opinion. The most important factors are the relevance of the medical evidence and explanations used to support the medical opinions and the consistency of the medical evidence with other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)-(2); 416.920c(b)(2), (c)(1)-(2).

The ALJ found Dr. Boen's opinion "not fully persuasive as [Dr. Boen] appeared to rely heavily on the claimant's subjective reports, which are not consistent with the record, specifically the mental health records from Park Center." AR 62. The ALJ also noted that Dr. Boen "did not explain or elaborate on these vague statements, nor did he provide any supportive comments." AR 62.

Contrary to the ALJ's statement, Dr. Boen did provide more detail and supportive comments in the "Summary and Conclusion" section of his report, where he noted Plaintiff could only recall one of three objects after five minutes, had a limited ability to think abstractly, and had auditory and visual hallucinations and mild paranoid ideation. AR 1621. He also noted that Plaintiff's concentration was "significantly below normal," her immediate recall was "mildly below normal," short-term memory was "moderately below normal," judgement was "mildly below normal," and level of insight was "significantly below normal." AR 1621. Furthermore, the mental status evaluation results themselves are included in Dr. Boen's report. *See* AR 1618-1620.

Additionally, Dr. Boen's reliance on Plaintiff's reports is no reason to discount his opinion. "[P]sychiatric assessments normally are based primarily on what the patient tells the psychiatrist," whose "professional training and experience would have taught him how to discount exaggerated statements by his patients." *Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015).

Finally, even the ALJ's summary of the Park Center records show consistencies between the two sets of records. The ALJ noted that in March 2021 Plaintiff discussed sensory overload in public places, mood fluctuations, and difficulty focusing. AR 59. In April 2021, Plaintiff reported that she was struggling at her job prior to quitting. AR 59. In May 2021, she had an irritable mood. AR 60. In August 2023, she was inattentive and distractible. AR 60. All of these matters, acknowledged by the ALJ in her decision, are consistent with Dr. Boen's opinion of the difficulties Plaintiff would experience in the workplace.

With so many issues in how the ALJ evaluated Dr. Boen's opinion, the ALJ failed to "provide a 'logical bridge' between the evidence and [her] conclusions" about Plaintiff's abilities. *O'Connor-Spinner*, 627 F.3d at 618. Remand is required. In addition, Plaintiff argues that the Commissioner erred by not relying on substantial evidence when concluding that Plaintiff can perform full-time work and by not adequately addressing evidence of uncontrolled hypertension and chronic vein insufficiency. On remand, the Commissioner is reminded to support the decision with substantial evidence and to connect evidence of record to the conclusions reached.

## IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** the relief requested in the Brief in Support of Plaintiff's Complaint to Review Decision of Commissioner of Social Security Administration [DE 21] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 25th day of November, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record